# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2017

Lyle W. Cayce
Clerk

No. 16-60667

CHIPOTLE SERVICES, L.L.C., doing business as Chipotle Mexican Grill,

      Petitioner Cross-Respondent

v.

NATIONAL LABOR RELATIONS BOARD,

      Respondent Cross-Petitioner

On Petitions for Review and Cross-Application
for Enforcement of an Order of the
National Labor Relations Board
NLRB No. 04-CA-147314
NLRB No. 04-CA-149551

Before REAVLEY, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Chipotle Services petitions for review of an order of the National Labor Relations Board concluding that Chipotle violated § 8(a)(1) of the National Labor Relations Act by prohibiting an employee from engaging in protected concerted activity and then discharging him, and also that five workplace rules restrict protected activities of its employees.  We deny review.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60667

The employee, James Kennedy, was concerned about the failure of Chipotle to adhere to the break policy of the restaurant where he worked. He discussed the matter with other employees and prepared a petition which he began to circulate to protest management's failure. The restaurant manager called Kennedy to the office in the restaurant, and a critical discussion on this matter took place. Consequently, Kennedy was terminated and it would be possible to conclude that the two of them misunderstood what the other was saying, but this court's review is limited to determine whether there was substantial evidence to support factual issues, and we may not reweigh the evidence. *El Paso Elec. Co. v. NLRB*, 681 F.3d 651, 656 (5th Cir. 2012). The decision of the Board was that the manager ordered Kennedy to stop circulating his petition and because he refused to do so, discharged him for insubordination. That evidence supports the Board's finding that § 8(a)(1) violated the Act by preventing a proper use of the petition and then discharging the employee for insisting he would continue.

The Board also found that Chipotle violated the Act by maintaining five rules of its confidential information policy and its social media code of conduct. Our review here is simply to decide if employees could reasonably construe these rules to chill their protected speech since employees have the right to complain about their employer and conditions of employment. *See Flex Frac Logistics, LLC v. NLRB*, 746 F.3d 205, 209 (5th Cir. 2014). The Board has found that rules prohibiting "improper" use of the employer's name, or soliciting within hearing range of customers when not working, would chill the expression of those opinions. We cannot fault the Board's decision.

Review DENIED.